HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYNDSY EDLAND, EURAL DEWAYNE
DEBBS,

　　　　　　　　　Plaintiffs,

　　　　　v.

PAUL EDLAND; ROBERT EDLAND;
MARION EDLAND; DIRECTOR OF
SOCIAL SERVICES ROBIN ARNOLD
WILLIAMS; CHIEF SUPERVISOR DON
COOPER; JENELL PARKER; JANE
WILSON; BRENDA SEVERINO; DESIREE
ELKINS; GRECHIN KAMON FISHER;
WARD PETERSON; JULIE LOWERY;
JULIE DUNNE MURPHY; JANE and JOHN
DOES 1 through 10, individual capacity,

　　　　　　　　　Defendants.

Case No. C08-5222RBL

ORDER

THIS MATTER is before the Court on Plaintiffs' Applications to Proceed *In Forma Pauperis*. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Plaintiffs Lyndsy Edland and her fiancé Eural Dewayne Debbs have filed applications to proceed *in forma pauperis* and a proposed complaint. The proposed complaint names as defendants plaintiff Edland's ex-husband, two others with the surname of Edland, and ten employees of the State of Washington (presumably of the Department of Social and Health Services). The proposed complaint alleges a broad conspiracy to deprive Ms. Edland of the custody of her daughter in violation of the Fourteenth Amendment to the United States Constitution and various other state law violations.

1    This Court has broad discretion in determining applications to proceed *in forma pauperis*. *Weller v.*

2  *Dickson*, 314 F.2d 598 (9th Cir.), *cert. denied,* 375 U.S. 845 (1963).  For the reasons stated below, the Court

3  **DENIES** the applications to proceed *in forma pauperis* and **DISMISSES** the proposed complaint.

4    Plaintiffs' proposed complaint seeks to embroil this Court in the child custody battle between Ms.

5  Edland and her ex-husband.  It is well settled that federal courts do not have subject matter jurisdiction based

6  on diversity of citizenship of domestic relations cases.  "[T]he whole subject of the domestic relations of

7  husband and wife, parent and child, belongs to the laws of the states, and not the laws of the United States."

8  *In re Burrus*, 136 U.S. 580, 593-94 (1890).  Courts have abstained from deciding cases that involve domestic

9  relations even when jurisdiction is based on a federal question.  *Thompson v. Thompson*, 798 F.2d 1547, 1558

10  (9th Cir. 1986), *aff'd*, 484 U.S. 184 (1988).  Even though plaintiffs' complaint does not explicitly seek an order

11  from this Court to award them custody of Ms. Edland's daughter, to decide her claims the Court would have

12  to re-adjudicate the merits of the custody ruling.  This Court should decline jurisdiction in matters such as these

13  which are "'on the verge' of the [domestic relations] exception, when there is no obstacle to a full and fair

14  determination in the state courts . . . ."[1]  *Bossom v. Bossom,* 551 F.2d 474, 475 (2nd Cir. 1976).  Abstention is

15  appropriate because "the interests of justice would be served by allowing the determination to be made by [the

16  state courts] in view of their great familiarity with matrimonial disputes and the absence of any such expertise

17  by the federal courts."  *Id.*; *see also Elk Grove Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004) (it is sometimes

18  appropriate for federal courts to decline to hear cases involving domestic relations even when divorce, alimony,

19  or child custody is not directly at issue); *see also Csibi v. Fustos*, 670 F.2d 134, 137 (9th Cir. 1982) (federal

20  courts may abstain from deciding cases where domestic relations issue are tangential to other issues in the

21  case).

22    Plaintiffs' applications to proceed *in forma pauperis* are **DENIED.**  This complaint is **DISMISSED.**

23  **IT IS SO ORDERED.**

24    Dated this 7th day of May, 2008.

25

26

27  RONALD B. LEIGHTON
    UNITED STATES DISTRICT JUDGE

28

---

[1]Plaintiffs do not allege in the complaint that any state court officials deprived them of any rights.